MAX SPRINGER, Respondent, *v.* THOMAS N. DWYER, Appellant.

Where, in an action upon a promissory note, the answer alleges facts sufficient to constitute a defence of want of consideration, or a recoupment of damages, it is not necessary for defendant to state which he will rely upon; and if he so states, he will not be precluded from insisting upon any defence which the facts alleged will justify. It is the facts alleged which constitute the defence, and whether or not it is called by the right name is immaterial.

When a principal and surety are sued together, a successful recoupment by the former will inure to the benefit of the latter, although the surety could not, if sued alone, avail himself of the defence.

(Argued June 3, 1872; decided June 20, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 58 Barb., 189.)

The suit was brought upon a promissory note for $500, dated September 15, 1866, made by the defendant Dwyer, payable to the order of Henry Dreyfous, sixty days from date, and indorsed by Dreyfous and Mossman. The answer

of defendant Dwyer denied that plaintiff was a *bona fide* owner or holder of the note, and that it was given upon a purchase of the interest of the payee in a copartnership induced by false representations of said payee; and that, in fact, no consideration was received for said note.

The defendant Dwyer, and Dreyfous, the payee, were partners in business, and the note was given on the settlement of partnership affairs upon the purchase of Dreyfous' interest in the partnership, business, property, fixtures and effects by the defendant Dwyer, he to pay the partnership debts.

The defendant Dwyer testified that some five or six days after the note fell due the plaintiff told him he did not own the note, and Dwyer then related to him the circumstances under which the note was given and the defence he had to it.

That during the existence of the copartnership Dreyfous had kept the partnership books.

That at the time of the dissolution Dreyfous falsely and fraudulently represented that the amounts due the firm were, in fact, as appeared on the books.

That the debts appearing by the books to be due were, in fact, due to the firm; and that no debts had been contracted by Dreyfous other than what appeared on the books.

That, in point of fact, an amount of debts owing to the firm, according to the books, of more than $500, had been collected by Dreyfous, and not entered in the books; and that Dreyfous had also contracted debts in the name of the firm to the amount of over $500, which had not been entered on the books.

That without the knowledge of the defendant, Dwyer, Dreyfous had drawn $707 from the bank in Dwyer's name, prior to giving the note.  Also, at the time of giving the note, an agreement was made between Dwyer and Dreyfous that, if it should appear on examining the books that there was not $500 due to Dreyfous, the note should not be paid.  That Dwyer afterward, on examining the books, ascertained that nothing was due to Dreyfous, and notified him, while he held the note, that he should not pay it.  These several offers were

ruled out by the court, and the defendant's counsel excepted.

The court then directed a verdict for the plaintiff for the amount of the note.

*Erastus Cooke* for the appellant. That the note was procured by false and fraudulent representations was a good defence. (*Barber* v. *Kerr*, 3 Barb., 149; *Sill* v. *Rood*, 15 J., 230.)

*S. P. Nash* for the respondent. The remedy of defendant Dwyer for the false representation, if he retained the partnership transfer, was only an action for damages against Dreyfous. (*Nickerson* v. *Howard*, 19 Johns., 113; *Bellows* v. *Folsom*, 2 Robt., 138; *Goelth* v. *White*, 35 Barb., 76; *Curtiss* v. *Howell*, 39 N. Y., 211, 214.) The offer to show a parol agreement varying the writings, was properly excluded. (*Thompson* v. *Hall*, 45 Barb., 214.)

Church, Ch. J. The ground upon which the offer to prove the fraud of Dreyfous was rejected does not appear. No ground was specified, either in the objection or decision. One of the learned judges, who delivered an opinion below, justifies the rejection upon the ground that the offer did not constitute a defence based upon a rescission of the contract, because it is not stated that the defendant Dwyer reassigned, or offered to reassign, the partnership effects which had been assigned to him when the note was given. This was undoubtedly necessary if a rescission was claimed as the only defence; but if this ground had been specified we cannot say that the defect might not have been supplied or obviated. It may have been rejected upon the ground that it was not shown that the plaintiff was not a *bona fide* purchaser of the note before maturity; and, from the various offers made and rejected, as they appear in the case, it is not improbable that such was the opinion of the court; and one of the learned judges at the General Term intimates that such proof was not made. It was proved that the plaintiff stated, a few days

after the maturity of the note, that he did not then own it. This evidence was not sufficient to base a defence of a want of title to the note at the time of the commencement of the action; but it was sufficient *prima facie* to show a want of title when the note became due so as to let in any defence which the defendant had. Besides, the offer, taken together, is ambiguous. It may be inferred that the defendant could prove that the entire consideration for the note was the fact assumed by the fraud of Dreyfous that the books were correct, and the sum of $500 was due him thereon; and if the objection had been specific the offer could have been made more explicit. If the facts stated would not constitute a defence, on the ground of a rescission and failure of consideration, they were competent to establish a recoupment. It is said that this defence was not set up in the answer of either Dwyer or Mossman, and that it could only be available to Dwyer alone. No objection was made on account of the pleadings. If such objection had been made, the defendant, if necessary, might have procured an amendment.

But Dwyer's answer contains all the facts necessary to constitute a defence for want of consideration, or for a recoupment of damages, and it was not necessary to state which he would insist upon; or if he did so state he would not be precluded from insisting upon any defence which the facts alleged would justify. It is the facts alleged which constitute the defence; and whether the party calls it by the right name is not material. And when the principal and surety are sued together a successful recoupment by the former would inure to the benefit of the latter as well, although the surety could not, if sued alone, avail himself of this defence. (25 N. Y., 306.)

We think there should be a new trial.

All concur.

Judgment reversed and new trial ordered.