In the matter of the claim of The Guardian Savings Institution *vs.* The Bowling Green Savings Bank.

65b 275
37 Mis²773

There can be no doubt of the power of the court over receivers appointed by it, to control them in the settlement of all claims against the property they hold; and as officers of the court it is their duty to obey the orders of the court. In case of refusal, the court can and ought to remove them.

It is equally the duty of the court, in such cases, to compel a settlement of claims affecting the property in such way as shall be most expeditious and as will avoid litigation and expense to the fund in charge of the court; and the court possesses full power to order a reference for this purpose, at any time, either with or without the consent of the receiver.

Guardian Savings Institution v. Bowling Green Savings Bank.

It is not necessary, on a motion for a reference in such a case, that any agreement to refer should be signed by the parties. The order of reference should be made at once; and on the report of the referee, of the facts and evidence, a motion can be made to the court for a final order, in the matter.

APPEAL from an order directing a reference of a claim in controversy between the receiver of the Guardian Savings Institution and the receiver of the Bowling Green Savings Bank, for $58,000 and upwards. The original claim was made against Shepherd F. Knapp, receiver of the Bowling Green Savings Bank, with an offer to refer it under the statute, and said receiver refused to refer or pay the claim. On proof of the claim, and of said refusal, Jeremiah Quinlan, receiver of the Guardian, applied to this court for leave to sue the receiver of the Bowling Green Savings Bank on the claim. The court, Special Term, on hearing, decided that there was no necessity for an action, and that the receiver was an officer of the court, and could be compelled by order to do his duty by referring the case. And the General Term, on an appeal from said order, gave a verbal opinion that the proper remedy was by a reference of the claim under the statute; and, therefore, on the 8th of January, 1873, affirmed the order denying leave to sue; without prejudice to move for a reference of said claim. Receiver Quinlan, on the 16th of January, 1873, thereupon obtained from this court an order to show cause why said claim should not be referred under the statute; and after hearing said motion upon the order to show cause, Justice Barrett, on the 5th day of February, 1873, granted the order directing that Shepherd F. Knapp, receiver of the Bowling Green Savings Bank, do enter into a proper agreement with Jeremiah Quinlan, receiver of the Guardian Savings Institution, referring all matters in controversy between the said receivers, or the corporations of which they are receivers, to one or more indifferent persons, and that the said receivers do sign a writing to that effect.

It was further ordered, that in case the said receivers, or either of them, did not voluntarily sign a writing to that effect, it be referred to John N. Lewis, Esq., as referee, to settle the form of such agreement or writing, and to cause the said receivers to come before him and execute the same, and in the event that such receivers did not agree upon such referee or referees, that he report such agreement or writing to this court thereupon, that the court might proceed to appoint such referee or referees.

From that order Shepherd F. Knapp, receiver, appealed.

*W. C. Trull*, for the appellant.

*J. W. Gerard, Jr.*, for the respondent.

*By the Court*, INGRAHAM, P. J. In this case claims were presented by the receiver of the Guardian Savings Institution against the receiver of the Bowling Green Savings Bank, and the Special Term ordered the receiver of the Bowling Green Savings Bank to enter into an agreement to refer ; and in case of a refusal, referring it to some person to settle the form of such agreement, and to cause the receivers to sign the same.

There can be no doubt of the power of the court over receivers appointed by it, to control them in the settlement of all claims against the property they hold ; and, as officers of the court, it is their duty to obey the orders of the court. In case of refusal, the court can and ought to remove them.

It is equally the duty of the court, in such cases, to compel a settlement of claims affecting the property, in such way as shall be most expeditious and as will avoid litigation and expense to the fund in charge of the court ; and the court possesses full power to order a reference for this purpose, at any time, either with or without the assent of the receivers.

It was not necessary, on this motion, that any agreement to refer should be signed, by the parties. The order of reference should be made at once. On the report of the referee, of the facts and evidence, a motion can be made to the court for a final order in the matter.

The order appealed from should be modified so as to direct a reference to ascertain the truth of the facts stated in the petition, and how much is due to the petitioners from the Bowling Green Savings Bank, and whether the said petitioners are entitled to any priority in payment over other creditors ; and that he report his opinion with the evidence, to the court, for a further order thereon.

The petitioner may apply to the judge holding chambers, at Special Term, for the appointment of a referee, on five days' notice. Costs of this appeal to abide the event.

[First Department, General Term, at New York, May 5, 1873. . *Ingraham* and *Davis*, Justices.]