La Mott Thompson, et al., *v.* Laura G. Taylor, as Executrix, etc.

In the matter of the claim of Orasmus B. Matteson, Respondent.

A surety, as between himself and his principal, is equitably entitled to full indemnity against the consequences of the default of the latter. He may call upon him for reimbursement, not only of what he has been obliged to pay in discharge of the obligation for which he was surety, but also of all reasonable expenses legitimately incurred in consequence of such default, or for his own protection: these include expenses reasonably incurred in securing the application of the property of the principal to the payment of the debts, in exoneration of the surety.

The equitable rule is not abrogated by the provision of the act of 1858 (§ 3, chap. 314, Laws of 1858), in reference to the allowance to indorsers' etc., of costs and expenses.

M., being an accommodation indorser upon the notes of T., who had died insolvent, by giving security to the holders for their payment, obtained authority from them to commence actions in their names, for the purpose of collecting the notes out of the estate. In so doing he incurred

necessary and reasonable costs and expenses, over and above the costs allowed in the judgments. In an action to marshal and distribute the assets of the estate. *Held,* that M. was entitled to be allowed such costs and expenses.

(Argued November 27, 1877; decided January 15, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a portion of an order of Special Term, which disallowed the claim of Orasmus B. Matteson for costs and expenses alleged to have been incurred by him as indorser upon the notes of James B. Taylor, deceased. (Reported below, 11 Hun, 274.)

This action was brought to marshal the assets of the estate of said deceased, and to distribute them among the creditors.

In 1870 said James B. Taylor died insolvent, owing debts to a large sum, among which were several promissory notes, amounting in all to about $80,000, on which Matteson was liable as his accommodation indorser and surety. The notes having become due, and Matteson having been sued, or threatened with suit, he arranged with the holders to give security for their payment, they authorizing him to prosecute suits in their names respectively, for the purpose of collecting the notes out of the estate of the deceased. The referee herein found that in so doing he incurred certain necessary and reasonable costs and expenses, over and above the costs allowed in the judgments, amounting to $14,091.98, which sum was allowed by the referee, and disallowed by the Special Term.

*Ward Hunt, Jr.,* for appellant. Matteson, as indorser and surety, was not entitled to be subrogated to the rights and equities of the principal creditors and substituted for the latter in the prosecution of their respective claims. (*Avery* v. *Petten,* 7 J. Ch., 211.) The surety was not entitled to recover more than the amount of the notes with interest and taxable costs and legitimate expenses. (17 Mass., 169; 19 J. R., 241; Sedg. on Dam., 76–77; 16 J. R., 152; 4 J. Ch., 131; 6 Wend., 610.)

*John D. Kernan*, for respondent. The surety was entitled to recover all reasonable expenses incurred by him, including counsel fees. (*Hayden* v. *Cabot*, 17 Mass., 169; *Dart* v. *Deamer*, 6 Wend., 537; Burge on Suretyship, 362, 363; *Fisher* v. *Faltons*, 5 Esp., 171; *Wynn* v. *Brooks*, 5 Rawle, 106; *Washburn* v. *Pond*, 2 Al., 474; *Barclay* v. *Gooch*, 2 Esp., 571; *Elwood* v. *Diefendorf*, 5 Barb., 398; *Howe* v. *B., etc., R. R. Co.*, 37 N. Y., 297; *Gilliam* v. *Essleman*, 5 Sneed [Tenn.], 86; *Huey* v. *Pinney*, 5 Minn., 310; *Gibbs* v. *Minnard*, 6 Paige, 259; *Taylor* v. *Herriot*, 4 Dess., 227; *Wright* v. *Austin*, 56 Barb., 17; *Bishop* v. *Day*, 13 Ver., 81; Fell's Law of Guaranty, 259.)

RAPALLO, J. Upon principles of equity, a surety, as between himself and his principal, stands upon a different footing, in some respects, from an ordinary creditor. He is entitled to full indemnity against the consequences of the default of the principal, and is, therefore, entitled to call upon him for reimbursement not only of what he may have been obliged to pay in discharge of the obligation for which he was surety, but also of all reasonable expenses legitimately incurred in consequence of such default, or for his own protection. These do not include expenses incurred in defending himself against the just claim of the creditor, nor remote and consequential damages sustained by the surety, such as sacrifices of property for the purpose of meeting his liability, loss of time, injury to business, expenses incurred in seeking to avoid payment, etc. But we apprehend that they do include expenses reasonably incurred for the purpose of securing the application of the property of the principal to the payment of the debt in exoneration of the surety. Such expenses are within the principle of the cases cited on the part of the respondent.

These cases hold that, on the debt becoming due, the surety may go into equity to compel the principal to pay, and the creditor to receive payment; and that he may also, in equity, compel the creditor to proceed against the princi-

pal debtor for the collection of his demand, upon giving security and indemnifying the creditor against delay and expenses. It cannot be doubted, and is substantially conceded by the appellant, that expenses incurred by the surety in thus compelling action by the creditor would be recoverable against the principal. These would necessarily include such reasonable expenses as the creditor might incur in collecting his demand from the principal, and for which the surety was liable, and which he might pay on his contract to indemnify the creditor.

In the present case the surety, instead of proceeding in equity to compel the creditors to prosecute, effected an arrangement with them, whereby he gave security for the payment of their demands, and obtained authority from them to take the necessary proceedings in their names to secure the property of the estate of the debtor, and its application to the payment of the debts for which he was surety; and instead of indemnifying the creditors against the costs and expenses of such proceedings, he himself assumed and paid them in the first instance. By this means the same result was attained as would have been if the surety had, by proceeding in equity, compelled the creditors to proceed against those in possession of the estate of the debtor, and had indemnified the creditors against the expenses of such proceedings, and subsequently performed his contract of indemnity by paying them, the only difference being that he procured the creditors to do voluntarily what a court of equity would have compelled them to do, and thus saved to the estate of his principal the additional expense of proceeding in equity against the creditors.

It is not necessary to construe the act of 1858 further than to hold that it does not abrogate the principle of equity before referred to. Whether it is declaratory of the same rule, as contended by the respondent, is not material, as a resort to the statute is not required for the purpose of sustaining the order of the General Term.

The order should be affirmed, with costs payable out of the estate.

All concur, except CHURCH, Ch. J., absent.

Order affirmed.