Teller, S.
Upon the judicial settlement of the account of the administrator of Thomas Reed, deceased, all of the above-named persons, or attorneys named, for their *140 respective clients, appear and ask to have costs allowed them out of the decedent’s estate. The amount of the property available for the payment of debts and costs, is about $3,900; the debts proved or allowed, amount to $17,574.25.
In the course of the administration of this estate, it was discovered that the decedent, who had been several years since, appointed administrator of his wife’s estate, had received as such administrator into his hands a bond and mortgage, the property of his said deceased wife, and collected thereon the sum of $3,062. There had been no accounting by said Thomas Reed, as such administrator. The proceeds of such mortgage, upon distribution, would have gone one-third to said Thomas Reed and two-thirds to his children, three in number, two of whom are infants, here represented by special guardian. Out of the said moneys, upon a settlement of his accounts he would have been entitled to commissions, a credit for debts paid, and perhaps funeral expenses. As his estate is insufficient to meet the amount due from him to the children on account of moneys so received, it becomes the duty of the representative of Mary Reed’s estate to look to the sureties upon the official bond, given by the said Thomas Reed, at the time of his appointment. Information having been given the administratrix of David H. Schoonmaker, deceased, one of the sureties upon such official bond, of a. proposed suit, she has appeared by counsel, and asked to be allowed to present upon this accounting such claims as she might have by way of defense, equitable or otherwise, to the said action. As the amount of liability upon the official bond would have been determined upon this accounting, and the rights of the sureties were thereby involved, this court held it to be proper to allow the attorney of the administratrix of David H. Schoonmaker’s estate, to appear upon the accounting and submit such questions, as might have been raised by the principal, touching his liability, in order that any proper defense or equities inuring to the advantage of the principal or sureties upon this bond, might not be overlooked. After consent given the attorney to appear, negotiations Were entered into between him, the administrator of Mary Reed, deceased, her son, Joseph O. Reed, the guardian of her infant children, and the administrator of Thomas Reed, the' present accounting party,' with a view of compromising the claim upon the official bond of Thomas Reed, as administrator of said Mary Reed, deceased. A compromise agreement was made and signed,' subject to the approval of this court, which was presented, filed and approved, the 23d day of November, 1887. There has been no trial before the surrogate of any question of diff *141 erence between the parties, and the only work done by attorneys, which has come to the attention of the court, is the preparation of the account, and the compromise papers, and the appearance upon several occasions, when the accounting was adjourned.
The attorney for Phebe Schoonmaker, as administratrix, now asks to be allowed $150 costs. The only authority for the allowance of costs to any party other than the accounting administrator, is found in section 2561 of the Code, which provides that the surrogate, upon rendering a decree, may, in his discretion, fix such a sum, to be allowed as costs, etc., as he deems reasonable, not exceeding, when there has not been a contest, twenty-five dollars; and, when there has been a contest seventy dollars; and in addition thereto, when a trial upon the merits before the surrogate necessarily occupies more than two days, ten dollars for each additional day. If we assume there has been a contest in this case, the most that could be allowed under the statute would be seventy dollars. This is the maximum sum, and it appears to me was not intended to apply to a case compromised out of court before any hearing upon the merits. The allowance is left to the discretion of the surrogate, and is given to compensate for time occupied in the contest before the court, as the statute clearly indicates. But whatever might be a proper allowance if the surrogate had any discretion in the matter, the question is presented whether Phebe Schoonmaker, as administratrix of a deceased surety upon a bond, upon which Thomas Eeed was principal, can be considered such a party to this accounting as would be entitled to any costs whatever. She was not a necessary party to this proceeding. She was not recognized as a separate party having the right to raise and litigate any independent questions. Had she been sued upon the bond she could not have availed herself of a distinct cause of action, in favor of the principal, as a defense or counterclaim. Lasher v. Williamson, 55 N. Y., 619.
Although such a defense if made by the principal or his legal representative, as was practically done in this proceeding, would have enured to her benefit. Springer v. Dwyer, 50 N. Y., 19.
Her appearance was allowed that she might assist the representative of the principal in establishing whatever defense there might be to the bond, and thereby derive a benefit to herself. And while it might be claimed that the surety is entitled to full indemnity against the consequences of the default of the principal and all reasonable expenses incurred in consequence of such default, it has been held that these do not include expenses incurred in the defense *142 of the surety against the just claim of the creditor. Thompson v. Taylor, 72 N. Y., 32.
Before the adoption of the Revised Statutes, surrogates had no authority to award costs or allowances to parties or counsel.
By statute (R. S., 223, § 10), the court was authorized to-award costs to a party. The provision of the Code (§ 2561) has been repeatedly construed by the courts to limit the-allowance of costs to the parties to the proceeding, as was done by the Revised Statutes. See Matter of Aaron, 5 Dem., 362, and Walton v. Howard, 1 id., 103.
I do not think, in the circumstances, I would be justified, in assuming to exercise any discretion - whatever in the-allowance of costs to Phebe Schoonmaker, as administratrix. Her appearance in the case was not as a creditor of the decedent, but merely as a party jointly interested in defeating in whole or part a recovery upon the official bond. The appearance was allowed as a matter of favor, and the proceedings resulted in á settlement, favorable to her as-well as to the estate.
I must refuse to allow this claim for costs.
The administrators of Mary Reed also ask for costs. They have not employed counsel in this proceeding, but one of the administrators, being an attorney, submits he is-entitled to an allowance of costs. It has been frequently decided that a person, who has acted as an administrator,, executor or guardian, cannot be allowed any compensation, beyond his statutory commissions for services rendered the estate. Morgan v. Hannas, Abb. Pr. Rep. (N. S.), vol. 13, p. 361; Collier v. Munn, 41 N. Y., 143. It is suggested, in opposition to these views, that as the compensation asked does not come from the estate, which this administrator represents, he is not within the condemnation of the above authorities, but the language of Judge Folger, in the-opinion in the former case, meets the situation. He says:. “It (the decision) was put upon the wise policy of the rule, which requires that there should be a fixed standard, by which the compensation for the whole services of the executor should be measured, and he be not led into, temptation to. do anything in the administration for the mere sake of the compensation to accrue thereby.” In the case of Collier v Munn, the court held that for the services-of an executor his compensation must be confined to the allowance of a fixed rate by way of commissions. One exception, however, is mentioned. It is that the executor, or-trustee, is entitled to the costs recovered in an action, “which are legally taxable by statute,” and to those only. The language of the decision upon this subject implies that-trustees are not entitled to receive costs, which are not- *143 legally taxable by statute, such, I assume, as extra allowances or those in the discretion of the court. These authorities would seem to be conclusive of the want of authority of this court to grant the allowance asked for. If, however, the court has any discretion in the matter, I think the reasons given in the cases cited for denying trustee’s compensation for extra services must lead to a denial of the application. As the law originally stood, executors and administrators were not allowed any compensation for their services. Commissions were subsequently granted by rule of court, and afterwards by statute, ‘ ‘ as-compensation for the whole services measured by a fixed standard.” The evil sought to be avoided in the adoption of the percentage method of measuring the value of services, was the temptation which might be presented to an administrator or executor to act in his own interest to-the disadvantage of the next of kin or legatees interested in the estate. The allowance by the court of costs to an administrator, who has acted as his own attorney, would be,, in my judgment, to modify the rule contrary to its policy. By the statute costs are to be allowed to parties to the proceeding. When an administrator, as such, is a party, costs, if allowed, would go to him individually, and become a motive to official action for personal ends. As the amount of costs must vary with the services rendered, the compensation would not be in conformity to an established rate. In either view of the question costs should be disallowed.
One creditor appeared by counsel, but he has made no contest, and I see no authority whatever for any allowance to him.
The petitioner’s attorney has presented a bill in proper form for allowance, and made affidavit to the items charged, for days occupied in preparing the account for settlement, as provided in section 2562, as to items charged for contest. I think, in view of the fact that no trial has been had before the court, the proceeding in court being merely the filing of the account,, objections and compromise papers, and the submission of the bills of costs and the days-occupied out of court being allowed for, that thirty dollars is an ample contest fee. This bill will consequently be reduced by the deduction therefrom of forty dollars.
The special guardian does not state any amount which he thinks ought to be allowed to him. I infer thirty dollars-will be ample compensation for the services rendered, and this amount is allowed.