## TOMPKINS v. CARNER et al.

*(City Court of New York, Trial Term.  November 25, 1889.)*

NEGOTIABLE INSTRUMENTS—ACTIONS ON ACCEPTANCES—PERSONAL DEFENSES.

It is no defense to an action by a transferee against the acceptor of a draft alone that the draft was given as an advance payment on a proposed charter-party, which the payees subsequently refused to sign, as this is a defense personal to the drawer.

Action by Charles L. Tompkins against William W. Carner and others, as acceptors of a draft drawn by Father Columbia, to his own order, and indorsed by him, and delivered to Beach & Miller, and by them transferred to the plaintiff.  The drawer has not been sued.  The defense is want of consideration, in this:  That the draft was given by Father Columbia as an advance payment on a charter of the steamer General Safford, that Beach & Miller agreed to sign, but did not.

*A. M. Sanders*, for plaintiff.    *G. W. Lockwood*, for defendants.

McADAM, C. J.  The draft was delivered by Father Columbia, as an advance payment on the proposed charter-party.  Performance of the contract was entered upon, and the amount of the draft earned by such performance. It is immaterial, therefore, (so far as this litigation is concerned,) whether the charter was signed or not.  The failure to execute it was owing to new conditions sought to be imposed, and not capricious refusal.  The defendants, as acceptors, became primarily liable on the draft to the holder thereof, and the failure to sign the charter-party is no defense to them.  The case is unlike *Bookstaver* v. *Jayne*, 60 N. Y. 146.  There the defendant indorsed a note on conditions personal to himself, which were not performed by the plaintiff. Here the acceptance was unconditional, and, as between the drawer and acceptors, founded on a valid consideration.  If Father Columbia has any grievance, he has his remedy against those at fault.  The right of action, if any, is, however, personal to him, and is not available to the defendants as acceptors, for it does\ not concern them.  See *Gillespie* v. *Torrance*, 25 N. Y. 306; *Springer* v. *Dwyer*, 50 N. Y. 19; *Lasher* v. *Williamson*, 55 N. Y. 619.  It might perhaps have been available, if Father Columbia had been sued with the acceptors.  *Springer* v. *Dwyer*, *supra*.  Indeed, Father Columbia has availed himself of this remedy as a personal right, and has an action now pending against Beach & Miller for damages, including the amount of the draft in suit here.  In that action his rights may find full protection.  The plaintiff is entitled to judgment for $356.12, with costs.