QUEEN CITY BANK, Appellant, *v.* M. FILLMORE BROWN and Another, Respondents.

*Recoupment by a principal inures to the surety — an error prejudicial to the respondent, disregarded on appeal.*

When a principal and surety are sued together, a successful recoupment by the principal inures to the benefit of the surety even though the surety, if sued alone, could not have availed himself of the defense.

In an action on a note, the maker answered, setting up a counterclaim, and offered to allow judgment to be taken against him for the amount demanded in the complaint, less the counterclaim. The offer was accepted and judgment against him was entered in accordance therewith. The indorser did not answer, and judgment was entered against her for the amount demanded in the complaint.

*Held,* that the indorser was entitled to an order modifying the judgment against her by reducing the amount thereof to the amount of the judgment against the maker of the note.

Although an order contains an erroneous provision, prejudicial to the respondents, yet if the order is otherwise proper, it will be affirmed on appeal.

APPEAL by the plaintiff, the Queen City Bank, from an order of the Supreme Court, made at the Erie County Special Term and entered in the office of the clerk of the county of Erie on the 3d day of March, 1893, directing that a judgment in favor of the plain-

FIFTH DEPARTMENT, JANUARY TERM, 1894. [Vol. 75.

tiff against the defendants be satisfied upon the payment of the sum of $286.50.

*Loran L. Lewis, Jr.*, for the appellant.

*Hugh C. Sells*, for the respondents.

HAIGHT, J.:

This action was brought to recover the amount due on a promissory note made by the defendant M. Fillmore Brown, indorsed by the defendant Libbie T. Brown, and discounted by the plaintiff. The defendant Libbie T. Brown did not appear or answer. The defendant M. Fillmore Brown answered, setting up a counterclaim in which he alleged that the plaintiff, in discounting this and other notes, had unlawfully and wrongfully compelled him to pay for the use of the money a greater sum than the rate of interest allowed by law, and that by reason thereof the plaintiff had become indebted to him in the sum of forty-five dollars and forty-six cents, which amount he desired to counterclaim upon the amount due upon the note, and thereupon he offered to allow the plaintiff to take judgment against him for the balance due upon the note. This offer was accepted by the plaintiff and judgment entered against the defendant M. Fillmore Brown for the sum of $286.50, and against defendant Libbie T. Brown for the sum of $329.80.

Thereupon a motion was made to correct the judgment by reducing the recovery against Libbie T. Brown to the amount of the recovery against M. Fillmore Brown. The Special Term ordered that the defendants, upon payment of the amount of the judgment entered against M. Fillmore Brown, with the interest thereon to the plaintiff or its attorney, within ten days from the service of the order, shall receive satisfaction and discharge of the judgment; but if not so paid the motion was denied, with ten dollars costs to the plaintiff. From this order the plaintiff appealed.

We do not understand that the relief asked for under the motion was discretionary with the Special Term, and it, therefore, had no right to impose the condition embraced in the order, but the defendants have not appealed. Therefore, the order may be permitted to stand if they were entitled to the modification of the judgment asked for. It appears that the defendant Libbie T. Brown was the

indorser, and as such became surety for the defendant M. Fillmore Brown, who was the maker of the note and primarily liable for its payment. If she is compelled to pay the amount of the note she has a right to recover the amount so paid from the principal. But her principal has agreed with the plaintiff that the amount of his claim for unlawful interest, collected from him by the plaintiff, should be deducted from the amount of the note, and that judgment taken against him should be only for the balance due. If she is, therefore, compelled to pay the full amount of the note, and he to reimburse her for the amount so paid, he is thus deprived of the benefit of his agreement, and of his right of action against the plaintiff. We do not understand that this can be done. It is quite possible that his counterclaim, as pleaded, could not have been allowed in that action, for the reason that his claim was in the nature of a penalty. But the plaintiff, by allowing it and accepting his offer, in effect credited that amount upon its claim upon the note, thereby reducing it to the amount for which judgment was entered against him. We understand the rule to be that when the principal and surety are sued together a successful recoupment by the principal inures to the benefit of the surety, even though the surety could not, if sued alone, avail himself or herself of the defense. (*Springer* v. *Dwyer,* 50 N. Y. 19–22; *Gillespie* v. *Torrance,* 25 id. 306.)

It follows that the defendants were entitled to the relief asked for in their motion, and that, therefore, the order should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.