(21 Misc. Rep. 86.)

### WOLF v. MICHAEL et al.

(Supreme Court, Appellate Term. July 29, 1897.)

1. SALES—TITLE—RESCISSION.
   A buyer of goods who finds the ownership thereof to have been, not in the seller, but in a third person, may recover back the price on proving the ownership of such third person, and surrendering the goods to him.

2. SAME—SURRENDER OF GOODS.
   An acknowledgment of the landlord's title to fixtures contained in a store, made by the lessee of the store, who had purchased the fixtures from one having no title thereto, was a sufficient surrender of the property, entitling the lessee to recover back the price.

3. SAME—CAVEAT EMPTOR.
   The doctrine of caveat emptor does not apply where the seller has been guilty of fraudulent representations.

4. PROMISSORY NOTES—RIGHTS OF INDORSERS.
   The maker and indorsers of a note having been sued together, counterclaims successfully pleaded by the maker inure to the benefit of the indorsers.

Appeal from Seventh district court.

Action by George Wolf against Ette Michael and others upon a promissory note. From a judgment in his favor for a less sum than that demanded, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Nathan Mayer (Saul Bernstein, of counsel), for appellant.
Grossman & Vorhaus, for respondent.

McADAM, J. The action is upon a promissory note for $150 made by the defendant Pauline Abeles, and indorsed by the other defendants as part of the purchase price of a business at Altoona, Pa., purchased by Abeles of the plaintiff. The questions arise upon three counterclaims pleaded by Abeles, as follows:

1. Part of the property belonging to the business sold consisted of certain fixtures, and the price put upon them at the sale was $100. The bill of sale contained the usual warranty of title. The vendee claimed that these fixtures belonged to the landlord of the store at Altoona, and not to Wolf, the vendor; and the jury so found, and on that account deducted $100 from the plaintiff's demand. The deduction was warranted by the finding of the jury; for the rule is that, where there is a total failure of title on the part of the vendor,

the vendee may rescind and recover back his advances (Story, Sales, § 203), or he may abandon the property to the true owner, taking upon himself the onus of proving title in such owner (Sweetman v. Prince, 26 N. Y. 224). The fixtures are still in the store, which is occupied by Abeles, and she has acknowledged the right of the landlord to them, and, as far as surrender thereof is possible, has given them to him. She cannot take them out and deliver them to him physically, because he wants them where they are, as an incident to his ownership of the realty.

᠌2. The plaintiff sold certain other personal property to the defendant Abeles, including what are called "branded goods," which were represented to be O. K., in good order, and salable. They were proven to be unsalable, not in good order, and almost valueless. The doctrine of caveat emptor, invoked by the plaintiff, does not apply where the vendor has been guilty of fraudulent representations. Story, Sales, § 378. The jury allowed the vendee as damages for such fraud and breach the sum of about $30, which with the $100 before referred to made $130, and gave the plaintiff a verdict for the balance of his claim, amounting to $20; and it is from the judgment entered on this verdict that the plaintiff appeals.

3. The third counterclaim for damages on the sale of the accounts was disallowed, and may be considered out of the case.

The maker and indorsers of the note having been sued together, a successful recoupment by the former inures to the benefit of the latter. Springer v. Dwyer, 50 N. Y. 19. The case appears to have been fairly tried. It was submitted to the jury on conflicting evidence. by an impartial charge, and their finding is warranted by the evidence.

There is no merit in the exceptions, and the judgment must be affirmed, with costs. All concur.