Supreme Court, New York Special Term. Reported. N. Y. L. J., June 16, 1900.

HENRY H. LYMAN as State Commissioner of Excise, *v.* A. RUEHL, et al.

*Mead & Stranahan,* for plaintiff.

*David Hershburg,* for defendant Ruehl.

*Boardman, Platt & Soley,* for surety company.

GILDERSLEEVE, J.: The action was brought by Henry H. Lyman, as State Commissioner of Excise, against Adolph Ruehl, as principal and the Fidelity & Deposit Company of Maryland, as surety, to recover $1,600 and costs, under section 18 of the Liquor Tax Law. The defendant Ruehl was a saloonkeeper and was charged in the complaint with unlawfully selling liquor on Sunday. The answer of the defendant corporation admits its suretyship and denies any information sufficient to form a belief as to the other allegations of the complaint, while the answer of the defendant Ruehl sets up the defense of bankruptcy. The defendant corporation did not appear at the trial, but the other defendant proved his defense and as to him the complaint was dismissed. Decision, however, was reserved, at the request of counsel, as to the liability of the other defendant and as to the allowance of costs in favor of the defendant Ruehl. It seems to me that if the principal is not liable the surety is not liable. They were sued together, although they put in separate answers, and the successful defense of the principal inures to the benefit of the surety, even though the surety was not represented at the trial, and even if the surety, were it sued alone, could not have availed itself of that defense. (See *Bank* v. *Brown,* 75 Hun 259.) As to the question of costs, I fail to see how they are discretionary. Section 3228 of the Code, subdivision 4, taken in connection with section 3229, provides that the successful party is entitled to costs, of course, where the complaint demands judgment for a sum of money only. The complaint herein simply " demands judgment against the defendants for the sum of $1,600, besides the costs of this action." It therefore follows that the complaint must be dismissed as to the surety also, and that the motion for costs must be granted.