The defence in this case is not founded on a failure of the consideration of the note, otherwise than by a *Page 308 
defect in the quality of the timber for which it was given. That being so, if there was neither warranty nor fraud in the sale of the timber, the defect in quality constitutes no defence. (Seixas v. Woods, 2 Caines, 48; Sweet v. Colgate, 20 John., 196; Welsh v. Carter, 1 Wend., 185; Johnson v.Titus, 2 Hill, 606.) The answer does not allege fraud in the transaction, and unless it shows a warranty of the quality of the timber, it presents no defence to the note, either partial or total. The argument of the appellant's counsel, to maintain the position that the defence rested upon a failure of consideration, and not upon a claim for damages on a breach of warranty, is very ingenious; but the answer and the proof show that all the timber contracted to be delivered to Van Pelt, and for which the notes were given, was in fact delivered, and the real ground of complaint is, that a much larger proportion of it than was shown by the inspector's certificates, upon the faith of which the purchase was made, proved to be of inferior quality. The law being well established that such defect of quality, in the absence of fraud or warranty, constitutes no defence to the note, or to any part of it, and there being no pretence of fraud, it follows that the defence, if there is any, rests upon a breach of warranty.
The question then arises, whether the plaintiff, an accommodation indorser upon a note given by Van Pelt to the plaintiffs for the timber, can avail himself of a breach of the contract of warranty in regard to the quality of the timber, made by the plaintiffs to Van Pelt, on the sale to him. To decide this question, it is necessary to ascertain the ground upon which such defences, by way of recoupment, as they were denominated prior to the adoption of the Code, now, partially, if not wholly, merged in the much broader term, counter-claim, were admitted. If we regard such defences as resting upon a failure of the consideration of the contract on which the plaintiff's action is founded, then unquestionably the defendant could avail himself of the breach of warranty in this case, because an indorser or surety may always, where the contract has not been assigned, show a failure, partial or *Page 309 
total, of consideration of his principal's contract which he is called upon to perform. But if such defences are regarded as the setting off of distinct causes of action, one against the other, then it is clear, as will be shown hereafter, that this defendant could not avail himself of such defence.
The subject of the precise ground on which a defendant is allowed to reduce a recovery against him, in an action upon a contract, by alleging and proving fraud or breach of warranty — whether the contract, where there is fraud, is regarded as destroyed, and the recovery had on a quantum meruit, or whether the reduction of the plaintiffs' claim rests upon a partial failure of consideration, or upon the setting off of distinct claims against each other — has often been discussed, but without any general concurrence of opinion on the question. (Reab v.McAllister, 4 Wend., 90, et seq.; S.C. in error, 8 id., 109;Batterman v. Pierce, 3 Hill, 171, 177; Ives v. Van Epps,
22 Wend., 155; Nichols v. Dusenbury, 2 Comst., 286; VanEpps v. Harrison, 5 Hill, 66; Barber v. Rose, id., 78;Baston v. Butler, 7 East., 479; Withers v. Greene, 9 How. U.S., 213.)
A careful examination of the subject, I think, must lead to the conclusion, that wherever recoupment, strictly such, is allowed, distinct causes of action are set off against each other. This would seem to follow from the right of election, which all the cases admit the defendant has, to set up his claim for damages by way of defence, or to resort to a cross-action to recover them. (Ives v. Van Epps, 22 Wend., 157; Batterman v. Pierce, 3 Hill, 171; Britton v. Turner, 6 N.H., 481; Halsey v.Carter, 1 Duer, 667; Barber v. Rose, 5 Hill, 81; Stever
v. Lamoure, Lalor's Supp., 352, note a.)
In many cases the defendant's damages would exceed the amount of the plaintiff's claim, which shows conclusively that such damages do not rest upon a mere failure of consideration. Where there is fraud, the party deceived, on discovering the fraud, may rescind the contract; but if he does not do that, the contract on his part remains entire, not broken and not modified, and he is bound to perform it fully according to its terms: he has, however, arising from the fraud, a distinct cause of *Page 310 
action, the amount of which he may set off against any liability on his part growing out of the transaction in which the fraud was perpetrated. As was said by BRONSON, J., in Van Epps v.Harrison: "When sued for the price, the vendee may in generalrecoup damages; but while he retains the property he cannot treat the contract as wholly void, and refuse to pay anything. By retaining the property he affirms the validity of the contract,
and can be entitled to nothing more than the damages which he has sustained by reason of the fraud." The same principle is applicable to cases of warranty, except that the breach of warranty gives no right to rescind, unless there is an express contract to that effect. (Street v. Blay, 2 Barn. Ad., 456;Voorhees v. Earl, 2 Hill, 288; Cary v. Gruman,
4 id., 625; Muller v. Eno, 14 N.Y., 597; Thornton v. Winn, 12 Wheat., 183; Lattin v. Davis, Lalor's Supp., 16.) In ordinary cases of breach of warranty, therefore, both contracts remain binding to their full extent, and where recoupment is allowed, damages for a breach on one side are set off against like damages on the other side. The "cross-claims arising out of the same transaction compensate one another, and the balance only is recovered." (8 Wend., 115; 22 id., 156; 3 Hill, 174; 2 Comst., 286.)
It has always been optional, as is suggested above, since the doctrine of recoupment has gained a foothold in the courts, with a party who has sustained damages by fraud or breach of warranty in the purchase of goods, when sued for their price, to set off or recoup such damages in that action, or to reserve his claim for a cross-action; and when he elected to recoup he could not, under the Revised Statutes, have a balance certified in his favor, nor could he maintain a subsequent action for such balance. (Sickles v. Pattison, 14 Wend., 257; Batterman v.Pierce, 3 Hill, 171; Wilder v. Case, 16 Wend., 583;Stever v. Lamoure, Lalor's Supp., 352, note, a; Britton v.Turner, 6 N.H., 481.)
Under the Code of Procedure, doubtless a balance might be recovered (Code, §§ 150-274; Ogden v. Coddington, 2 E D. Smith, 317); but the right of election to set up a counter-claim *Page 311 
in defence, or to bring a cross-action for it, still exists. (Halsey v. Carter, 6 Duer, 667; Welch v. Hazleton, 14 How. Pr., 97.) Now it is not easy to reconcile with these established principles, the right of the defendant in this suit to avail himself of the claim which Van Pelt may have against the plaintiffs on a breach of warranty. 1. Such damages constitute a counter-claim, and not a mere failure of consideration, and not being due to the defendant, cannot be claimed by him. (Code, § 150; Lemon v. Trull, 13 How. Pr., 248; 16 id., 576, note.) 2. Van Pelt has a right of election whether the damages shall be claimed by way of recoupment in the suit on the note, or reserved for a cross-action. The defendant cannot make this election for him. 3. If the defendant has a right to set up the counter-claim, and have it allowed, in this action, it must bar any future action by Van Pelt for the breach of warranty; and as no balance could be found in defendant's favor, he might thus bar a large claim in canceling a small one. If the right exists in this case, it would equally exist if the note was but $100 instead of $1,800. 4. Supposing the other notes given for the timber to have been indorsed by different persons, for the accommodation of Van Pelt, and all to remain unpaid, each of the indorsers would have the same rights as the defendant. If they were to set up the same defence, how would the conflicting claims be reconciled?
In the case which was shown on the trial, there would seem to be a strong equity in favor of the defendant to have the note canceled or reduced, by applying towards its satisfaction the damages which appear to be due to Van Pelt for the breach of warranty. It is, however, an equity, in which Van Pelt is interested to as great, and possibly to a greater, extent than the defendant, and cannot be disposed of without having him before the court, so that his rights, as well as those of the defendant, may be protected. That remedy may be open to the defendant still, notwithstanding the judgment; especially if the insolvency of the parties renders that course necessary for his protection. (14 Johns., 63, 17; id., 389; 2 Cow., 261; 2 Paige, 581; 6 Dana, 32; 8 id., 164; 2 Story's Eq. Jur., *Page 312 
§§ 1446, a, 1437.) My conclusion is, that the court below was right in holding that the defendant could not set up the breach of warranty in defence, partial or total, to the suit on the note; and as the warranty presented the only ground on which there could be a claim of defence under the answer, there is no necessity for considering the other questions presented in the case.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.