The defendants and appellants were sureties for one Gibbs, to whom the plaintiff had executed a lease under seal of certain premises, and they had by an instrument under seal covenanted that Gibbs should pay the rent, and that if he should be in default they would pay the deficiency. In answer to the plaintiff's action for the unpaid rent the defendants gave evidence tending to show that, as part of the arrangement between Gibbs and the plaintiff, the latter had verbally agreed with Gibbs to furnish to him during the period of the lease a certain quantity of property to be stored upon the described premises at an agreed price, and that he had furnished only a part of the quantity promised, and failed to furnish the residue. Assuming, in favor of the appellants, that no objection to this proof can be sustained on the ground that it is supported only by unwritten evidence, I am yet of opinion that it gives them no defence or counter-claim available in this action. It was the promise to furnish the storage which may be regarded as forming part of the consideration for the agreement of Gibbs. The breach of that promise gave him a cause of action against the plaintiff, but this cause of action in favor of Gibbs cannot be available to the appellants. It belongs to Gibbs and not to them. The case falls within the principle of Gillespie v. Torrance (25 N.Y., 306).
The non-performance or partial performance of Lasher's engagement to Gibbs is not to be regarded as a failure of consideration, but as an independent cause of action, which Gibbs, and he only, may assert. It is in his election to determine whether it shall be used defensively, or whether he will bring his own action for the damages, or whether he will forego his claim altogether. The defendants have no control over him in this respect and cannot borrow and avail themselves of his rights.
The judgment must be affirmed.
All concur.
Judgment affirmed. *Page 621