# Cases

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## May, 1876

MARIA L. MORGAN, Respondent, *v.* PHILEMON H. SMITH AND ANDREW J. SMITH, Appellants.

*Lease — surety on — right of, to off-set damages to tenant — Agreement between lessor and lessee — what operates as discharge of surety — Sealed instrument — Consideration.*

The defendants, sureties upon a lease, in an action for rent set up as a defense, the fact that their principal (the tenant) had been excluded from the use of certain light which he was entitled to. *Held*, that they were not relieved from liability upon their covenant by reason of the tenant's being thus damaged; that it was the privilege of the tenant, when sued for the rent, either to set up such loss as a counter-claim, or bring another action therefor; and the sureties could not take advantage of it, unless the tenant was shown to be insolvent.

*Morgan* v. *Smith* (5 Hun, 220) distinguished.

The lessor having agreed with the tenants to rent the premises for them, and at their risk, and give them the benefit of all rent received, stipulating at the same time that the agreement should not be construed to impair or alter the lease or the security, *held*, that the sureties were not thereby discharged.

A seal is not conclusive evidence of consideration in the sealed instrument, and evidence may be given to show a verbal agreement between the parties not expressed in the instrument.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict of a jury by direction of the court, in an action against the sureties upon a lease.

*William Allen Butler*, for the appellants.

*John A. Godfrey*, for the respondent.

DANIELS, J. :

The defendants were sued upon a covenant executed by them, by which they became sureties for the payment of the rent and the performance of the covenants reserved by, and contained in a lease of certain premises, executed and delivered by William H., H. and George H. Smith.   The premises were demised and rented as a carpet store, which was so constructed as to derive a portion of its light from a glass floor light in the floor above it.   The tenants of the story over the store, who occupied that under a prior lease from the plaintiff, excluded the light through the floor light, from the store, by placing and keeping over it a covering of carpeting, and by that means the tenants of the store were deprived of the use they were entitled to of it, while they occupied the store under the lease.   In consequence of the exclusion of the light the use of the store was reduced in value to the tenants ; and it was, accordingly, held, in an action brought by the plaintiff against them for the non-payment of the rent reserved by the lease, that they were entitled to have the difference in the rental value of the premises, arising from the exclusion of the light, deducted from the amount they would have been otherwise bound to pay ;* and, upon that ruling, the defendants in this action insisted that the complaint of the plaintiff should be dismissed upon the proof of those facts.

But that result did not follow, for the tenants themselves were liable for the diminished rent as long as they remained in the use and occupation of the demised premises.   What it was held they were entitled to, was the right to recoup or counter-claim their damages by reason of the failure of the plaintiff to place them in the possession of the light, they were entitled to enjoy under and by means of the demise ; and that was a privilege existing solely in the tenant's favor, as long as it was neither alleged nor shown that they were insolvent, and whether they even would rely upon and use it by way of defense to the rent claimed from them, or make

* 5 Hun, 220. — [REP.

it the subject of an action in their own behalf, was a matter confided by the law to their election; it was their right and not that of their sureties, and for that reason the latter could not defend themselves by means of it without showing the insolvency of the principals; and then only for the purpose of reducing the plaintiff's demand. (*Coster* v. *Griswold*, 4 Edw. Ch., 364; *Lewis* v. *McMillen*, 41 Barb., 420; *Gillespie* v. *Torrance*, 25 N. Y., 306, 310, 311; *Smith* v. *Felton*, 43 id., 419.)

It was also insisted, in support of the motion to dismiss the complaint, that the plaintiff and the tenants had entered into another agreement before the rent sued for accrued, for the disposition and use of the demised property, which should be attended with the result of discharging them from their obligation as sureties. That consisted of an agreement by the plaintiff with them to rent the premises for them and at their risk, after the first of May, 1873, and give them the benefit of all the rent received; and it was expressly qualified by the stipulation that it should not be construed "in any manner to impair or alter the lease in its covenants, existing between the parties, in relation to said premises, or to impair or alter the security thereunder, nor in any wise to affect the relation of landlord and tenant existing between the parties, and the security for the rent and covenants thereunder." And the tenants agreed to those terms. It is not necessary to decide how far such stipulations may be rendered effectual against persons who are mere sureties and not parties to them; for the agreement made provided no substantial change in the terms of the lease or the obligations of the tenants. They had been only so far restrained by the lease in their power to underlet the premises, as that it should not be done without the permission or consent in writing of the plaintiff. It was fairly to be implied from the terms made use of that, with that consent, they might relet the premises to other persons, either by their own direct act or through the agency of any other person employed by them for that purpose; and that would not relieve the sureties from their obligation, because it was one of the events contemplated by the lease from the plaintiff, and the tenants provided for just that contingency by the agreement they entered into. She consented to the subletting of the premises, and they were placed in her hands for that

purpose, by the tenants, substantially, as their agent. That made no such change in the lease as would exonerate the defendants from their liabilities as sureties. The tenants continued to have the benefit of it in one of the modes contemplated by its terms; and while that remained the case the sureties were not discharged from their covenant. For that reason they were not entitled to a dismissal of the complaint.

The defendant Andrew J. Smith testified, as a witness in his own behalf, that he went upon the demised premises with the husband and agent of the plaintiff, before the lease was taken by the tenants, and was informed that they were to have the benefit of the floor light above the store, and that when he was requested by Mr. Morgan, the plaintiff's agent, to become one of their sureties, he told him he would on condition that the light was free over that skylight; that he replied that the covering was there temporarily, and it should be taken off, and upon that he afterward signed the lease. That is the substance of his evidence, though not precisely the terms used by the witness. The evidence given by Mr. Morgan was in conflict with this statement, and the court could not assume the fact as proved, and for that reason dismiss the complaint; but if the fact was sufficient to discharge this defendant from the covenant subscribed by him, the evidence relating to it ought to have been submitted to the jury, according to the request made in his behalf. That the tenants did not have the benefit of the light was clearly shown in the case; and if the evidence given by the defendant Andrew J. Smith, in his own behalf, was true, the only consideration on which he became surety was the agreement that they should have the light; that wholly failed by the omission of the plaintiff to perform on her part.

The instrument subscribed contained the recital that it was executed in consideration of the letting of the premises. But that was not conclusive against either of the defendants, although it was under seal. Formerly their seals would have concluded them, but now, by statute, in an action founded upon a sealed instrument, the seal is only presumptive evidence of a consideration; and that may be rebutted by showing that none in fact existed, in the same manner and to the same extent as though no seal had been affixed. (3 R. S. [5th ed.], 691, § 109; *Tallmadge v. Wallis,*

25 Wend., 107.) And that defense was relied upon in the defendants' answer. The evidence of the witness was sufficient to establish it in his favor if it should be credited by the jury. In an action upon a simple contract it would clearly have been good. (*Bookstaver* v. *Glenny*, 3 Sup. Ct. [T. & C.], 248.) And by the terms of the statute the effect must now be the same upon an instrument under seal. If this defendant became a surety on that consideration he was relieved from liability by the failure of the plaintiff to perform the agreement made on her part by her agent. Whether he did, or not, was a fact which should, under the evidence, have been submitted to the jury. No such defense was shown in favor of the other defendant, and for that reason the verdict was properly directed, so far as it was against him. The judgment should therefore be affirmed as to him and reversed as to the defendant Andrew J. Smith, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed as to Philemon H. Smith, and reversed as to Andrew J. Smith and new trial as to him ordered, costs to abide event.