HENRY T. KIERSTED, et al., Respondents, *v.* THE ORANGE AND ALEXANDRIA RAILROAD COMPANY, et al., Appellants.

69  343
137  494

A lease under seal, executed by an agent as lessee in his individual name, and which does not purport to be executed on behalf of the principal, is not binding upon the latter, although the fact of the agency is recited therein, and although it appears by extrinsic evidence that the lessee acted as agent : the instrument can only be enforced against the party who appears upon the face of it to be the covenantor.

Where during the continuance of the term under such a lease, the principal enters and occupies the demised premises, no assignment having been made of the lease, in the absence of evidence upon the subject, the presumption is that he entered as sub-tenant.

The fact that he furnished the money to pay the rent does not make him tenant of the lessor ; and any liability for use and occupation is to the agent not to the lessor.

An action for use and occupation cannot be maintained where there is a lease under seal, either against the lessee or his assignee ; the action must be upon the demise to recover the rent reserved.

(Argued April 3, 1877 ; decided April 17, 1877.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The complaint in this action contained two counts, one to recover rent reserved under a lease, the other for use and occupation.

It appeared that on November 1st, 1860, plaintiffs as lessors, and David C. Smith as lessee, executed a lease under seal of certain premises in the city of New York for the term of two years and six months. The lease recited that Smith was "the general agent for the 'Virginia and Tennessee route,' comprising the following railroads," naming the defendants. It was signed by Smith in his individual name, not as agent. It appeared by extrinsic evidence that Smith was agent for the defendants, who composed what was known as the Virginia and Tennessee route, for the purpose of selling their tickets and transacting their business in the city of New York, and had authority to negotiate for a lease of an office for their business, and to report to defendants. Smith occupied the premises for the purposes of his agency until the last of March, 1861, when he left them in the possession of one Stewart, who was his clerk at the time. Smith made no assignment of the lease. Stewart remained in charge until about April 2d, 1861, when one White, who was sent by the officers of the route, took charge. White continued in possession until August, 1861, when he left, and Stewart remained in possession until about February 12th, 1862, when plaintiffs re-entered. They had notified Stewart on the 31st January, 1862, that they should re-enter for non-payment of rent. The rent was paid as reserved in the lease until May 1st, 1861, by Smith and Stewart, with funds furnished by defendants. Plaintiffs abandoned their cause of action upon the lease, and elected to proceed for use and occupation. The referee as conclusion of law found that plaintiffs were entitled to recover for the use and occupation from May 1st, 1862, to February 12th, 1863, and directed judgment accordingly.

Further facts appear in the opinion.

*E. S. Van Winkle*, for the appellants. An action for use and occupation could not be maintained against the defendants. (11 T. R., 378; 1 R. S., 748, § 26; *Glover* v. *Wilson*, 2 Barb., 264; *Bedford* v. *Terhune*, 30 N. Y., 453; 1 Daly, 371; 1 Hun, 151–6; 3 R. S., 37, § 20.)

*T. C. Cronin*, for the respondent. The order amending the complaint so as to include a cause of action for use and occupation, did not change the form of the action. (*Bedford* v. *Terhune*, 30 N. Y., 453; Code, § 167.) An action for use and occupation could be maintained. (*Hoffman* v. *Delehanty*, 13 Abb., 388; *Sturm* v. *Williams*, 6 J. & S., 344; *Jewell* v. *Schoeffel*, 4 Cow., 566; *Williams* v. *Sherman*, 7 Wend., 109; 2 R. S., part 2, title 4, chap. 1, § 1, p. 152.)

ANDREWS, J.  By the lease from the plaintiffs to David C. Smith, executed on the first day of November, 1860, the latter became vested with a term in the demised premises, commencing on that day, and terminating May 1, 1863. The lease was signed and sealed by the plaintiffs and by Smith, in his individual capacity, and although it recited that Smith was agent of the Virginia and Tennessee route, it did not purport to be executed for or in behalf of the defendants. The covenants of the lessee in the lease were his, and not those of the corporations which composed the lines of railroad for which he was agent. They were not bound by the lease. The only authority conferred upon Smith was to negotiate for the lease of an office for their business, and to report any proposed arrangement to the several companies composing the route, for their approval. And if he had been authorized to lease the premises for the defendants, that authority was not executed. The form of the lease made him the lessee, and the covenants in a deed can only be enforced against the party who, upon the face of the instrument, is the covenantor, although it appears by extrinsic proof that he acted as the agent for another. (*Taft* v. *Brewster*, 9 J. R., 334 ; *Stone* v. *Wood*, 7 Cow.,

453; *Guyon* v. *Lewis*, 7 Wend., 26; *Briggs* v. *Partridge*, 64 N. Y., 357.)

Nor would an action for use and occupation lie against Smith to recover the rent reserved by the lease. At common law *assumpsit* for use and occupation could not be sustained where there was an express demise. This restriction was partially removed by the statute, 11 Geo. II, c. 19, and our statute gives this remedy to the landlord against a tenant under a parol demise or other agreement, not by deed, to recover a reasonable satisfaction for the use of the premises, and the agreement may be used as evidence of the amount of damages to be recovered. (1 Rev. St., 748, § 26.) But when the lease is by deed, the action must be upon the demise to recover the rent reserved. (Comyn Land. and Tenant, 435; *West* v. *Cartledge*, 5 Hill, 488 ; *Wood* v. *Wilcox*, 1 Den., 37.) The lease to Smith authorized the lessors to re-enter for non-payment of rent or the failure of the lessee to perform other conditions in the lease. Until a re-entry for condition broken, or a surrender of the lease, Smith was the owner of the term created thereby, and the only remedy which the plaintiffs had to recover the rent was by action upon the covenant against the lessee, or if he had assigned the lease, against his assignee. The assignee would stand in the same position as the lessee, in respect to his liability, in an action for use and occupation.

This action is brought to recover of the defendants for the use and occupation of the premises from the first of May, 1861, to the twelfth of February, 1862. The defendants, as has been shown, were not parties to or bound by the lease. It is not claimed that they were assignees. There was no written assignment, and the interest of Smith could only be transferred by writing (2 Rev. St., 135, § 6), and there is no proof even of a parol agreement for the transfer of the lease to the defendants. There is no evidence of a surrender of the lease, or that the plaintiffs regarded the lease as surrendered. On the contrary, on the thirty-first of January, 1862, they notified Stewart, who was then

in possession of the premises, that they should re-enter for non-payment of rent and re-let them under the provisions of the lease, and Stewart soon afterwards left the premises, and the plaintiffs took possession.   The plaintiffs inserted in the complaint a count upon the lease, and also for use and occupation, and it having been decided that the defendants were not liable upon the lease, they abandoned this cause of action and elected to proceed solely for use and occupation. It is clear that the term vested in Smith by the lease was outstanding during the whole period for which the plaintiffs claim to recover for use and occupation in this action. The relation of landlord and tenant created by the lease continued, and it is difficult to see how that relation could exist during the same time in respect to the same premises between the plaintiffs and defendants.   It is well settled that the action for use and occupation can only be sustained on the ground of a subsisting tenancy between the parties.   (1 T. R., 378; 13 J. R., 489;· 1 Wend., 134.)   The entry of the defendants was not by the permission or under any arrangement with the plaintiffs.   Smith occupied the premises in the business of his agency until about April 1st, 1861, and then by reason of sickness · left them in charge of Stewart, his clerk.   The defendants soon afterwards appointed White as their agent to take charge of the office.   The rent was paid to May 1st, 1861, by Smith and Stewart, the money being furnished by the defendants.   The business of the defendants in the sale of tickets was discontinued on the 20th of April, 1861, but the referee has found, and we cannot say there was no evidence to sustain the finding, that they continued to occupy the premises by their agents to February 12th, 1862.

He also found that they were the tenants of the plaintiffs from the time Smith left the possession in April, 1861, to the time the plaintiff re-entered in February, 1862.   We are of the opinion that there is no evidence to support this finding. The presumption is that they entered under Smith, whose term was outstanding and in whom the right of possession

was vested, as sub-tenants, no assignment having been made by him of the lease. The fact that they furnished the money to pay the rent which had accrued up to May 1st, 1861, did not make them the tenants of the plaintiffs, and while they may be liable for the use and occupation of the premises after that time, this liability, if it exists, is to Smith, and not to the plaintiffs.

There was no privity of contract or estate between the plaintiffs and defendants, and we see no ground upon which this action can be supported.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.