FRANKLIN D. NEWTON, Appellant, *v.* GERTRUDE E. LEE et al., Respondents.

In an action to recover for goods alleged to have been sold and delivered to defendants, the latter, after a general denial, set up in their answer "for a further and separate answer and defense," that the transactions set forth in the complaint were between plaintiff's assignor and a corporation, under a written contract between the vendor and vendee; that the vendor failed to perform its contract, by means whereof the vendee was damaged in a manner set forth; that defendants "became privy to the contract," by guaranteeing performance on the part of the vendee. Said damages defendants claimed they were "entitled to recoup and set off as a counterclaim against the pretended cause of action set forth in the complaint." *Held*, that the second defense, assuming the facts therein stated to be true, had no relation to the cause of action set forth in the complaint; that it set up "new matter" within the meaning of the provision of the Code of Civil Procedure (§ 494), authorizing a demurrer to a counterclaim; and so, that an order overruling a demurrer thereto was error.

*It seems*, that if defendants had been sued as guarantors or sureties, they could not have availed themselves, in exoneration of their liability, of a cause of action for damages for breach of the contract with their principal.

*Newton* v. *Lee* (69 Hun, 91), reversed.

(Argued June 20, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1893, which affirmed an interlocutory judgment entered upon an order of Special Term overruling a demurrer to defendant's answer.

The nature of the action and the allegations of the answer, so far as material, are stated in the opinion.

*Nelson S. Spencer* for appellant. The defendants allege that they should have been sued as sureties. Whether that

be so in fact or not, they have not been sued as sureties, but as principals. But even if they had been sued as sureties they cannot interpose a counterclaim or defense existing in favor of their principal. (*Lasher* v. *Williamson*, 55 N. Y. 619; *Davis* v. *Toulmin*, 77 id. 280; *O'Blenis* v. *Karing*, 57 id. 649; *Gillespie* v. *Torrance*, 25 id. 306; *Henry* v. *Daley*, 17 Hun, 210; *Emery* v. *Baltz*, 22 id. 434; *Goodman* v. *Robb*, 41 id. 605.) It is no answer to the plaintiff's contention to urge that some of the facts alleged in the answer are admissible in evidence under the general denial. The defendants are bound by their designation in the answer. (*E. L. A. Society* v. *Cuyler* 75 N. Y. 511; *Luckerman* v. *Corbin*, 66 How. Pr. 404; *Lent* v. *N. Y. & M. R. Co.*, 130 N. Y. 504; *Thompson* v. *Halbert*, 10 id. 329.) Under the Code of Civil Procedure a set-off is included in the word "counterclaim." (*Acer* v. *Hotchkiss*, 97 N. Y. 395; *Otis* v. *Shants*, 128 id. 45; Code Civ. Pro. § 494.) There is no such practice as overruling a demurrer upon terms. Either the defense is good or it is bad, and as such it should be disposed of. The decision upon the trial of an issue of law must either sustain or overrule the demurrer. (*Drake* v. *Satterlee*, 16 N. Y. Supp. 334.)

*James W. Perry* for respondents. The defense contained in paragraph II of the answer is a complete defense to the cause of action alleged in the complaint, and wholly sufficient in law. (*Anderton* v. *Wolf*, 41 Hun, 571; *Waite* v. *Ferguson*, 14 Abb. Pr. 379; *Peabody* v. *W.*, etc., *Co.*, 20 Barb. 339; *Otis* v. *Shants*, 28 N. Y. S. R. 71.) The defense alleged in this part of defendants' answer is not new matter, in the sense that it can properly be objected to by a demurrer. (1 Rumsey on Pr. 357; *Gilbert* v. *Crane*, 12 How. Pr. 455; *Radde* v. *Ruckgaber*, 3 Duer, 684; *Brazil* v. *Isham*, 12 N. Y. 9; Code Civ. Pro. § 502; *Baker* v. *Hotchkiss*, 97 N. Y. 395.) The paragraph of the answer to which plaintiff demurs, contains no counterclaim within the meaning of the Code, is not described as such, nor do defendants pray for affirmative judg-

ment in their favor. (*Baker* v. *Hotchkiss*, 97 N. Y. 395, 408; *Bates* v. *Rosekrans*, 37 id. 409; *Morris* v. *Chamberlin*, 38 N. Y. S. R. 476; *E. L. Co.* v. *Cuyler*, 75 N. Y. 514.) In no part of the answer do defendants claim, or even demand in the prayer, an affirmative judgment in their own behalf. (*Waite* v. *Ferguson*, 14 Abb. Pr. 379; *Otis* v. *Shants*, 128 N. Y. 45; Code Civ. Pro. §§ 501, 502; *Brown* v. *Coleman*, 30 N. Y. S. R. 347; *Littlefield* v. *A. C. Bank*, 97 N. Y. 581; 1 Rumsey's Pr. 365.)

ANDREWS, Ch. J. The demurrer to the second answer or defense was, we think, well taken. The complaint was in the ordinary form for goods manufactured for, and sold, and delivered to the defendants at their request by the plaintiff's assignor, the Naugatuck Malleable Iron Company, for an agreed price, with averments of the assignment of the claim to the plaintiff, and that the debt was due and unpaid. The answer in the first instance contained a denial of the allegations of the complaint, and then "for a further and separate answer and defense," the defendants alleged that the transactions set forth in the complaint as being made with the defendants, were had with the American Bit-Brace Company, a New York corporation, and not with the defendants, or either of them, and that that corporation should be a party defendant. The answer then alleges "in that behalf," that at a date stated, a written contract was entered into between the American Bit-Brace Company and the Naugatuck Malleable Iron Company, by which the latter company agreed to furnish to the American Bit-Brace Company castings from patterns it should furnish, on monthly orders; that the Naugatuck company failed to perform its contract to furnish the castings upon monthly orders made by the Bit-Brace Company in time, as it was bound to do, by reason of which default the Bit-Brace Company was compelled to shut down its works for ten days, and thereby it sustained damages in the sum of $5,000, which "these defendants are entitled to recoup and set off as a counterclaim against the pretended

cause of action set forth in the complaint." It is further alleged that the defendants "became privy to the contract" by guaranteeing the payment of all accounts owing by the Bit-Brace Company to the Naugatuck Iron Company and were only sureties, and that this is the only basis of the claim set forth in the complaint, and that the defendants are entitled to avail themselves of the "defense and counterclaim existing in behalf of the American Bit-Brace Company to the extent of any demand made against them by the plaintiff herein." The answer concludes by a demand for judgment in the alternative dismissing the complaint, or that the Bit-Brace Company should be made a party defendant and judgment be awarded in its favor, "as such party defendant, for $5,000," *or* that the defendants be allowed to recoup and set off so much of said sum "as a counterclaim in their own right," as shall extinguish the plaintiff's demand.

The second defense, assuming the facts therein stated to be true, has no relation to the cause of action set forth in the complaint. The complaint is upon a contract of sale and delivery to the defendants. The plaintiff would be bound to prove this cause of action in order to entitle him to recover. The action would not be supported by proof that the goods were sold to the American Bit-Brace Company, and that the defendants were guarantors of its liability. A cause of action against them as guarantors is a different cause of action from the one alleged in the complaint. The defendants are not sued as sureties or guarantors, but as purchasers of the goods. Assuming that the defendants, if they had been sued as guarantors or sureties, might avail themselves of a breach of the contract by the Naugatuck Iron Company, and recoup any damages suffered by their principals therefrom, in the actual situation, no defense was relevant, except one based upon a denial that they ordered or purchased the goods, or upon a discharge or satisfaction in whole or *pro tanto* of their liability as purchasers, or growing out of a set-off or counterclaim existing in their favor against the plaintiff or the Naugatuck company. The defense set up in the second answer is to a

cause of action not alleged by the plaintiff, and which could not be shown on the trial. It is an attempt to defend a cause of action not sued upon, and such a defense is demurrable because it does not answer the complaint, and is "insufficient in law." (Code Civ. Pro. § 494.) The defendants may doubtless prove on the trial any facts tending to show they were not the purchasers of the goods, and, as bearing upon this issue, that they were mere guarantors or sureties. This they would be permitted to do under their denial in their answer preceding the second alleged defense. But they would not be entitled to prove this fact as a basis for the further claim that the Bit-Brace Company were the real purchasers, and as such had a claim for damages for a breach of the contract against the Naugatuck Iron Company. If the defendants were the purchasers there was no contract with the Naugatuck company for the breach of which any damages could accrue to the Bit-Brace Company. If the Bit-Brace Company were the purchasers, and the defendants were guarantors only of the liability of that company, then the action is misconceived, and even if the defendants had been sued as guarantors or sureties upon the collateral undertaking, they could not avail themselves in exoneration of their liability of a cause of action for damages for a breach of the contract existing in favor of their principals. (*Gillespie* v. *Torrance*, 25 N. Y. 306; *Davis* v. *Toulmin*, 77 id. 280.) The answer alleges no assignment of the claim for damages to the defendants, nor is there any allegation of insolvency or other ground of equitable jurisdiction.

The second defense, treating it as a whole, is clearly bad. But the claim is made, based upon the preliminary allegations therein, that the contract for the sale of the castings was with the Bit-Brace Company and not with the defendant, that the demurrer is too broad since these allegations in substance deny the contract alleged, and, therefore, alone constitute a good answer to the complaint, and that the other parts of the answer may be disregarded or rejected. But this is too technical a view of the subject. The allegations referred to are

introductory merely to the substantial matter intended to be set up by the answer, viz., the counterclaim existing in favor of the Bit-Brace Company. The answer is to be judged as a whole. The averment that the goods were sold to the Bit-Brace Company and not to the defendant, was essential to explain the counterclaim alleged in the answer.

We do not perceive the force of the claim that the second answer is not "new matter" within section 494 of the Code. The matter stated therein is pleaded as a counterclaim to defeat a recovery. New matter pleaded as a defense is properly preceded by a confession of the cause of action. There is no confession in the answer demurred to of the original liability of the defendants. This could not have been done without defeating the purpose of the answer. The vice of the defense, based upon a cause of action in a third party, is exposed by the necessity imposed upon the defendants of averring that they were not the purchasers of the goods. A defendant cannot claim that a defense does not consist of "new matter" for the reason that his pleading is defective in form, if it sets up a counterclaim, which upon the facts averred is not available to the party pleading it.

This view leads to a reversal of the judgments of the General and Special Term, and judgment should, therefore, be entered sustaining the demurrer, with costs in all courts.

All concur.

Judgment accordingly.