### FLEITMANN et al. v. ASHLEY et al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. PLEADING—AFFIRMATIVE DEFENSE—BURDEN OF PROOF.
    Where defendant pleads an affirmative defense to an action on a note, and is granted the right to open and close, the plaintiff is entitled to recover, unless such alleged defense is established.
2. BILLS AND NOTES—ACCOMMODATION INDORSEMENT—LIABILITY—FAILURE OF CONSIDERATION—DEFENSE.
    Where a note is given as the purchase price of a claim against a bankrupt, warranted to be a subsisting claim, an accommodation indorser on the note cannot defend an action thereon on the ground of a breach of such warranty resulting in a failure of consideration, since such defense is personal with the maker of the note.

Appeal from trial term, New York county.

Action on a note by Ewald Fleitmann and others against Eugene L. Ashley and others. From a judgment in favor of the plaintiffs rendered on a directed verdict, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

T. W. McArthur, for appellants.

Charles H. Broas, for respondents.

RUMSEY, J. This action was brought upon a promissory note dated January 15, 1900, made by one Russell to the defendants James A. Holden and Eugene L. Ashley, and by them indorsed and delivered to the plaintiffs. Russell, although a nominal defendant, was not served, and did not appear. The indorsers alone defend. Although they answer separately, the defense of each is substantially the same, and is to the effect that the note was given in payment of a balance of account due to the plaintiffs from the Glens Falls Umbrella Company, which was sold to Russell upon the representation and warranty that the account would be a valid and subsisting claim against the Glens Falls Umbrella Company, a bankrupt, and provable and allowable as such in said bankruptcy proceedings; that at the time of the delivery of the note the account was assigned to Russell by the plaintiffs by a writing under their hands and seals, and that was the only consideration for the making of the note. The answers then allege that on the 4th of January, 1900, which was before the making of the note, an involuntary proceeding in bankruptcy had been begun against the Glens Falls Umbrella Company; that it was adjudged a bankrupt on the 12th of February, 1900; that Russell endeavored to prove the claim which had been assigned to him against the estate, but the account was objected to by certain creditors because it appeared that within less than four months from the time the proceedings had been commenced an illegal preference had been received by the plaintiffs, in that a part payment of the claim had been made to them amounting to about $1,400. This objection was sustained by the referee in bankruptcy, he holding that the account was not provable "thereby," as was alleged in the answers, "leaving said note wholly and entirely without consideration." At the trial the defendants claimed and were awarded the affirmative of the issue. It necessarily followed that the plaintiffs were entitled to recover upon the note unless the defendants established the affirmative defense alleged in the answers. They proved the assignment of the account to Russell; that the Glens Falls Umbrella Company had been adjudged a bankrupt; that the assignee had attempted to prove the account as a claim against the corporation, and that he was not permitted to do so for the reason that the assignors had received an illegal preference, as alleged in the answers. Various questions were asked, the answers to which were excluded. It is claimed that, if the evidence thus asked for had been admitted, it would have tended to prove the making to Russell by the plaintiffs of the representations set up in the answers, and the contract of warranty between the sellers and the purchaser of the account to the effect mentioned in the answers of the defendants. It is not

necessary, in the view we have taken of the case, to consider the question whether this evidence was properly excluded or not. It may be conceded for these purposes that, if the evidence had been received, it would have proved substantially the facts alleged in the answers; but, in our judgment, those facts, if they had been proved, would not have constituted a defense on the part of the indorsers against the note. The same point has been substantially decided in the case of Gillespie v. Torrance, 25 N. Y. 306. In that case the accommodation indorser of a promissory note had been sued upon the note. The note had been given as the purchase price of certain goods. The indorser set up a breach of warranty as to the quality of the goods, and relied upon that to establish in his own behalf a defense of a failure of consideration. It will be seen, therefore, that the precise question presented there is presented in this case. In that case, as in this, there was no counterclaim, but a breach of the contract of warranty between the purchaser of the chattels, who was the maker of the note, and the seller, who was the holder of the note, which was relied upon as establishing a failure of the consideration for the note of which the indorser might have the benefit. The court held that such a defense was personal to the purchaser, the maker of the note, and that it could not be relied upon by the accommodation indorser. That case has been uniformly followed in this state. In Lasher v. Williamson, 55 N. Y. 619, the same question was again presented, and was decided the same way upon the authority of Gillespie v. Torrance. In the case of Bookstaver v. Jayne, 60 N. Y. 146, the action was upon a promissory note against an indorser, and the defendant set up as a defense that he had indorsed it as security for a debt due from the maker to the plaintiff upon an agreement of the latter to discontinue a suit brought by him for the recovery of the debt, and that in violation of that agreement plaintiff thereafter proceeded to judgment and execution, and caused a levy to be made upon the goods of the maker, thereby destroying his credit, causing his failure, and depriving him of the opportunity of eventually paying the note. It was held that the answer set up a good defense, but the holding was upon the express ground that the contract for the extension of time, the breach of which was relied upon as a failure of consideration of the note, was made by the plaintiff with the indorser, and that the note was given for the specific purpose of inducing the plaintiff to carry this contract into effect. The case of Gillespie v. Torrance was distinguished upon the ground that in that case the contract was not with the indorser, but was an independent contract of warranty, and that no one but the purchaser could take advantage of it. In this case, as in Gillespie v. Torrance, the allegations of the answers are expressly that the alleged contract was made between the plaintiffs and the maker of the note, and there is no claim or suggestion that the indorsers were in any way parties to it, except as they became liable upon the note because they indorsed it for the accommodation of the maker. For these reasons the action of the court below was correct, and the judgment must be affirmed, with costs. All concur.