## VERISCOPE CO. v. BRADY.

(City Court of New York, Special Term.   April 24, 1902.)

1. NOTES—SUIT AGAINST INDORSER—DEFENSES.
   An accommodation indorser of a note, when sued on his indorsement by the payee, cannot set up by way of defense a breach of warranty with respect to the property for which the note was given.

2. SAME—PARTNERSHIP TRANSACTIONS—ACCOUNTING.
   In a suit by the payee of a note against the accommodation indorser thereon, defendant could not set up as a defense the fact that the note was given in a partnership transaction between the maker and payee in which no final accounting had been had.

3. SAME—ACTIONS BETWEEN PARTNERS.
   Where one partner gives another his note, an action at law may be maintained thereon without any accounting, though the obligation relates to partnership business, or is given for a debt arising out of a partnership debt.

4. SAME—PARTIES.
   Where a note is given between partners in a partnership transaction, in a suit against an accommodation indorser thereof it is not necessary to join the maker.

Action by the Veriscope Company against William A. Brady. Judgment sustaining a demurrer to the answer.

Harold Nathan, for plaintiff.

Hedley V. Cooke, for defendant.

O'DWYER, J.   This is an action on two promissory notes, on each of which the defendant is an accommodation indorser.   By his amended answer he interposed the same seven separate defenses to each note, and to the fourth, fifth, and sixth defenses to the first note and their duplicates in the case of the second note plaintiff demurs on the ground that they are insufficient in law upon the face thereof. In the fourth defense the defendant alleges, in substance, that the plaintiff on or about July 27, 1898, entered into two agreements with Cooke and Welty, by which they leased from the plaintiff a certain so-called veriscope and set of photographic films, and entered into a copartnership with the plaintiff to carry on the business of giving public exhibitions of the Corbett-Fitzsimmons sparring contest by means of the veriscope in certain territory in the vicinity of Australia. The defendant then sets up that, for the purpose of inducing Cooke and Welty to enter into these agreements, the plaintiff represented and warranted to them that the veriscope so to be leased was a practical invention, in good working order, and could be successfully operated by means of calcium light at low cost, and that said photographic films were clean and well printed, and could be satisfactorily used for the purpose contemplated by the parties, and that Cooke and Welty entered into the contracts in reliance upon said representations and warranties; and the defendant alleges that the veriscope so leased was not as represented and warranted, and that, in consequence of these defects, Cooke and Welty were put to great expense in carrying on said business, and were obliged to abandon a part of the territory,

and were damaged in an amount greater than the principal and interest of the two notes described in the complaint. The defendant alleges further that he indorsed the notes without consideration, and for the accommodation of Cooke and Welty, and that the notes were given by Cooke and Welty for a balance of indebtedness to the plaintiff created by, and forming part of the consideration for, said agreements. · For a fifth defense the defendant reiterates the foregoing allegations with respect to the making of the two agreements between Cooke and Welty and the plaintiff, and alleges that the copartnership business was carried on during the greater part of the year succeeding July 27, 1898, but that a final accounting has never been taken of profits and losses in said business; and the defendant alleges that such an accounting would show a balance in favor of Cooke and Welty, that the notes in suit would form a necessary part of any final accounting between said parties in connection with said partnership venture, and that therefore this court has no jurisdiction of the subject-matter of the action. For a sixth defense, the defendant alleges further that the note was given for an indebtedness which arose out of the copartnership business, and would form a necessary part of any final accounting between Cooke and Welty and the plaintiff in connection with said partnership venture, and that therefore Cooke and Welty are necessary parties to the action. There is no allegation that the notes in question were obtained by fraud. There is no allegation that these notes never had a valid inception. It is merely alleged that there were certain dealings between the makers and the plaintiff, in the course of which the plaintiff made certain representations and warranties, and it is alleged that there was a breach of these representations and warranties, resulting in damage to the said makers of the note.

The question involved here relates to the right of an accommodation indorser or accommodation surety to avail himself of a cause of action for damages for breach of contract existing in favor of his principal. A case which is closely in point is Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355. In that case it was held that the accommodation indorser on a note given for chattels sold cannot, at law, avail himself of a breach of warranty as to the quality of such chattels by way of defense, recoupment, or counterclaim. In that case the note was one of several given for oak timber sold to the maker by the plaintiffs, and the indorsement was for the accommodation of the maker. The indorser, when sued upon the note, set up as a defense a breach of contract of warranty in regard to the quality of the timber. The court of appeals held that the trial court was right in holding that the defendant could not set up the breach of warranty as a defense, partial or total, in the suit on the note. The facts set up in the fourth defense amount to a cause of action in favor of Cooke and Welty against the plaintiff for breach of warranty. This cause of action is personal to Cooke and Welty. The defendant may not in any way prejudice the right of Cooke and Welty to maintain their action to recover damages for such breach of warranty. The defendant cannot take that cause of action unto himself, and under-

take to enforce it against the plaintiff when sued upon his indorsement. His contract is measured by the note in suit. His contract was one of indorsement merely. Upon that contract he is liable, without the slightest regard to claims and counterclaims existing between the other parties to the instrument, or the parties to the original transaction out of which the note arose. The defendant's remedy is over against the makers for whose accommodation he indorsed the note. Gillespie v. Torrance was followed in the court of appeals by Lasher v. Williamson, 55 N. Y. 619, and the same rule has been laid down in numerous other cases. In Henry v. Daley, 17 Hun, 210, it was held that a surety for a vendee cannot set up as a defense a breach of warranty by the vendor, or that the contract was obtained by fraudulent representation. It was held that such a defense was personal to the principal, who, if he would avoid the contract, must return what he has received under it. In the case at bar there is no allegation that Cooke and Welty ever rescinded these two contracts; that they ever returned or offered to return anything that they obtained under those contracts. There is no rescission alleged in the answer. There is only an allegation of a breach of warranty. That is an affirmative cause of action in favor of Cooke and Welty against the plaintiff, and it is not a cause of action that can be pleaded by the defendant here as a defense when sued upon his indorsements. Tompkins v. Carner (City Ct. N. Y.) 8 N. Y. Supp. 193; Lewis v. McMillen, 41 Barb. 420. In a recent case Chief Judge Andrews has said:

"Even if the defendants had been sued as guarantors or sureties upon the collateral undertaking, they could not avail themselves, in exoneration of their liability, of a cause of action for damages for a breach of contract existing in favor of their principals." Newton v. Lee, 139 N. Y. 332, 34 N. E. 905.

It is true that an accommodation indorser or guarantor cannot be held liable upon a note which never had any validity whatever. If the note is absolutely void at law,—as, for instance, if it is obtained by means of illegal duress, by violence or threats, or if any one, where there is no debt whatever, imposes upon a person, and by means of fraud secures a note to be executed, having no validity whatever, in such cases the surety can show a total failure of consideration, and can show that there never was any debt whatever to secure. In the case at bar, however, there is no allegation of fraud. There is nothing but an allegation of breach of warranty, which constitutes no defense to the indorser. It has been held in some cases that a surety may avail himself of an existing claim in favor of an insolvent principal, but to do so the insolvency of the principal must be alleged. Schickle, Harrison & Co. v. Hazard (Sup.) 12 N. Y. Supp. 874.

In support of the fifth defense it is claimed that, because this note, as alleged, was given in the course of partnership dealings, this court has no jurisdiction of an action brought by the payee against the indorser. In the first place, the contract between the parties to this action is something entirely separate and apart and distinct from the alleged partnership agreement between the plaintiff and Cooke and Welty. The contract between the parties to this action is a contract

of indorsement, and has nothing whatever to do with any alleged partnership dealings between the other parties to the note. Even if it were true that Cooke and Welty, if sued upon the note, could insist that an accounting was necessary, that would be a mere equitable counterclaim in favor of Cooke and Welty,—one personal to them, and not to be availed of by the indorser of the note. The authorities already cited are equally applicable to this alleged defense. In the second place, however, even if Cooke and Welty had been sued upon this note, they could not have set up the need of a partnership accounting. It is well settled in this state that one member of a firm may give to his copartner a promissory note upon a partnership transaction, and this note can be enforced in an action at law without regard to any question of accounting. In Bank v. Wood, 128 N. Y. 35, 27 N. E. 1020 (at page 39, 128 N. Y., and page 1020, 27 N. E.), Peckham, J., says, "One partner may give a note upon firm matters to another partner in the same firm, and the holder may maintain an action at law upon it without an accounting." In Glover v. Tuck, 24 Wend. 153, it was held that one partner may maintain an action of covenant against his copartner, whether the covenant be to pay any sum or do any act for the purpose of only launching the partnership, or whether it be to perform any of the articles after the partnership is commenced. An action of covenant will lie, although there may be accounts between the parties which require unraveling in equity. An action on a promissory note is, of course, the same in substance as an action on an express covenant, for it is an express promise to pay, in writing. To the same effect is Townsend v. Goewey, 19 Wend. 424, 32 Am. Dec. 514. It has, indeed, been held in numerous cases in this state that, where one partner gives to another his promissory note, an action at law may be maintained to enforce the note, even though the obligation related to the partnership business, or was given for a debt arising out of a partnership debt. Crater v. Bininger, 45 N. Y. 545; Gridley v. Dole, 4 N. Y. 486, 492. The cases cited by defendant's counsel are from the state of Louisiana. That state is governed by the Civil Code, and the authorities of that state are inapplicable to questions arising in the courts of this state. It follows, therefore, that no accounting whatever is involved in this action, and no defense that an accounting is necessary can be raised by the indorser, who is the defendant here.

The sixth defense is equally as bad as the fifth. If no accounting is necessary, the plaintiff cannot be compelled to make the makers of the note parties to this action, and the fact that he has elected not to join the makers is no defense to the indorser.

The plaintiff should therefore have judgment sustaining the demurrer, with costs.