JAMES M. ELLIOTT, JR., Respondent, *v.* JAMES B. BRADY et al., Appellants.

1. BILLS, NOTES AND CHECKS—ACTION TO RECOVER FROM INDORSER OF PROMISSORY NOTE — WHEN INDORSER CANNOT AVAIL HIMSELF OF DEFENSE THAT CONTRACT IN CONSIDERATION OF WHICH NOTE WAS GIVEN WAS INDUCED BY FRAUDULENT REPRESENTATIONS OF PLAINTIFF. In an action to recover the amount of certain promissory notes from indorsers thereof, other than the maker, a defense that the notes were given as part payment for the stock of a manufacturing corporation purchased under a contract induced by false and fraudulent representations on the part of the plaintiff, and that such contract was made and the notes indorsed in reliance upon the truth of such representations, is not available to the defendants where they were not parties to the contract as made, which was in writing and under seal, and, so far as appears, the only legal relation that they sustained, if any, to the transaction, was as sureties for the alleged successor to the vendee named in the contract, since the only persons who can bring an action upon a written contract under seal are the parties to it or their assigns. A surety when sued upon his obligation cannot avail himself of an independent cause of

action existing in favor of his principal against the plaintiff as a defense or counterclaim; it is for the principal to determine what use he will make thereof, and the surety has no control over him in respect thereto.

2. SAME — AFFIRMANCE OF CONTRACT. Where it appeared in such action that the defendants were fully aware of the alleged fraud prior to their indorsement of the notes in suit, which were given in renewal of part of the amount due on certain other notes, given in renewal of an original note accepted by the plaintiff as part of the consideration under the alleged fraudulent contract, all of which notes had been indorsed by the defendants, the indorsement of the renewal notes by the defendants with full knowledge of the fraud was an affirmance of the contract.

*Elliott* v. *Brady,* 118 App. Div. 208, affirmed.

(Argued April 13, 1908; decided May 19, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 12, 1907, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward W. Hatch* and *Charles J. Hardy* for appellants. The rule of law that only parties to a sealed instrument can assert a cause of action or defense arising out of it does not apply to this case ; the defense of fraud is available to the appellants. (*McCreery* v. *Day,* 119 N. Y. 1; *McIntosh* v. *Miner,* 37 App. Div. 483 ; *Bridger* v. *Goldsmith,* 143 N. Y. 424; *Gillespie* v. *Torrance,* 25 N. Y. 306; *Lasher* v. *Williamson,* 55 N. Y. 619.)

*Herman Aaron* for respondent. The contract between plaintiff and Paine being under seal, they are conclusively the only parties who can sue or be sued under the contract, even though it could be shown that in fact one was acting as agent for another. (Reinhard on Agency, § 333 ; Story on Agency, § 450 ; *Briggs* v. *Partridge,* 64 N. Y. 357; *Kiersted* v. *R. R. Co.,* 69 N. Y. 343 ; *Schaefer* v. *Henkel,* 75 N. Y. 378 ; *Denike* v. *De Graaf,* 87 Hun, 61.) Any defense or claim that Paine might have for fraud, breach of warranty or other contention

is not available to the defendants. (*Lasher* v. *Williamson*, 55 N. Y. 619; *Gillespie* v. *Torrance*, 25 N. Y. 306; *Fleitt-man* v. *Ashley*, 60 App. Div. 201; *Newton* v. *Lee*, 139 N. Y. 332; *Davis* v. *Toulmin*, 77 N. Y. 280.) Both Paine and the defendants are committed to the validity of the contract with the plaintiff and cannot claim its disaffirmance. (*Schiffer* v. *Dietz*, 83 N. Y. 300; *Tompkins* v. *Hyatt*, 28 N. Y. 353; *Cobb* v. *Hatfield*, 46 N. Y. 537.)

CHASE, J.   Judgment has been obtained against the appellants on four promissory notes made by the Industrial Securities Company to its order, and indorsed by it and by them. In October, 1902, negotiations were entered into by the appellants with the respondent relating to the purchase of a controlling interest in the stock of the Southern Car and Foundry Company. The terms of a contract for such purchase were agreed upon and it was further agreed that the contract should be made with one Paine. On October 21, 1902, the respondent and said Paine entered into a written contract under seal by which the respondent agreed to sell to Paine $600,000 par value of the preferred stock of the Southern Car and Foundry Company and $600,000 par value of the common stock of said company at the price of $100 for one share of each of said stocks, and the said Paine agreed to accept said stocks and pay therefor as stated. The contract further states with some detail the agreement between the parties, including a provision that the deliveries of said stock shall be made at the Trust Company of America in the city of New York, as trustee or agent of said Paine, to accept deliveries of the stock in his behalf and to make payment therefor in accordance with the terms of the contract, and the said Paine also agreed to accept further deliveries of said stock at said price to the extent of $150,000 par value of each class of stock if tendered to him within thirty days from the date of the contract. Thereafter said Industrial Securities Company was organized.

On or before the 30th day of October, 1902, $689,900 of

the par value of each of said stocks was delivered and paid for pursuant to said written contract, and the plaintiff and said Paine signed an indorsement on said contract as follows:

" It is hereby acknowledged and declared by the parties hereto that there have been delivered and fully paid for under the terms of the foregoing contract Sixty-eight hundred and ninety-nine shares of the preferred and the same number of the shares of the common stock of Southern Car & Foundry Co.

" Dated — Oct. 30, 1902."

The appellants allege in their answer that they caused the Industrial Securities Company to be organized to take and hold the stock of said Southern Car and Foundry Company, and that said company succeeded to the rights of Paine under the written contract, and also that the stock was delivered as directed by them. The stock was delivered to Paine pursuant to the contract, as appears by the receipt, and it was presumably turned over by him to the Industrial Securities Company. The facts do not permit the appellants to claim that any of the stock was ever delivered to them individually and it does not appear what interest they had or have in the Industrial Securities Company.

As a part payment for said stocks the plaintiff accepted in lieu of cash a note made by said Industrial Securities Company to its order and indorsed by it and the appellants for $259,900 payable on demand. No new and independent agreement on the part of the appellants with the plaintiff relating to said note and the indorsements thereon has been shown.

It appears conclusively by the answer of the appellants as well as by the testimony of such of the appellants as were sworn as witnesses upon the trial that the note was given upon the purchase price of said stocks and in part compliance with the written contract made with Paine.

Within thirty days thereafter payment of said note was demanded, and at the request of the appellants the holder

thereof accepted in renewal thereof five other notes of $50,000 each payable in four months and a note of $9,900 payable on demand, all of which were signed by said Industrial Securities Company and indorsed by it and by the appellants. The $9,900 note was paid, but when the five other notes became due the appellants sought to renew them, and after some negotiations the appellants paid thereon $125,000 and the time to pay the remainder of $125,000 was extended by the four renewal notes dated respectively March 21, 25, 27 and 31, 1903, upon which notes the judgment against the appellants has been obtained. The appellants claim that the respondent for the purpose of inducing them to enter into a contract for the purchase of said stock made false and fraudulent representations as to the assets of said Southern Car and Foundry Company and that said contract was made by said Paine and said notes were indorsed by them in reliance upon the truth of such representations. They seek in this action to defeat a recovery by the respondent because of said fraud.

For the purpose of this appeal we will assume that the alleged false and fraudulent representations were made by the respondent; that Paine relied thereon in making the contract and that the appellants indorsed the note of $259,900 and the first renewals thereof believing that such representations so made by the respondent were true. The fundamental difficulty with the appellants' contention is that they are not parties to the contract as made. The contract is between the respondent and Paine. The appellants did not become bound thereby or liable to the respondent in case of failure to perform the agreements therein contained. If Paine has been damaged by said false representations he has not asserted it. If, as we assume, a fraud has been committed Paine could repudiate the contract and after returning the stock ask them to return to him the consideration paid therefor or he could affirm the contract and bring an action upon the facts to recover damages for the injuries which he has sustained by reason of such fraud. He has not done either of these things. The only persons who can bring an action upon a written con-

tract under seal are the parties to it or their assigns. So far as appears from the record the only legal relation that the appellants sustain, if any, to this transaction is as sureties for a corporation which they allege became the successor to Paine. A party when sued upon his obligation cannot avail himself of an independent cause of action existing in favor of his principal against the plaintiff as a defense or counterclaim. It is for the principal to determine what use he will make thereof and the surety has no control over him in this respect. (*Lasher* v. *Williamson*, 55 N. Y. 619; *Gillespie* v. *Torrance*, 25 N. Y. 306; *Newton* v. *Lee*, 139 N. Y. 332; *American Guild* v. *Damon*, 186 N. Y. 360.)

It cannot be claimed by the appellants that the written contract was executed by Paine as their agent and that they are the real principals though not named in the instrument. (*Denike* v. *De Graaf*, 87 Hun, 61; affirmed on opinion below, 152 N. Y. 650; *Briggs* v. *Partridge*, 64 N. Y. 357; *Schaefer* v. *Henkel*, 75 N. Y. 378; *Kiersted* v. *Orange & Alexandria R. R. Co.*, 69 N. Y. 343.)

It further appears that all of the appellants were fully aware of the alleged fraud in January, 1903. They indorsed the several notes in suit on or about the day of their dates in March, 1903, with full knowledge of the alleged fraud. Treating the notes as evidence only of a part of the unpaid consideration for the stock the renewal thereof with full knowledge of the fraud was an affirmance of the contract. The view we have taken of this case makes it unnecessary to consider the rulings of the court upon exceptions to the receipt or exclusion of evidence upon the trial.

The judgment should be affirmed, with costs.

CULLEN, Ch. J. While concurring in the opinion of Judge CHASE, I desire to add this: It would be a good defense to the appellants' liability as indorsers of the note in suit to show that such indorsement was obtained by fraud, and I concede the claim that the fraud practiced on the vendee in the contract of sale might be the same fraud which induced the

indorsement of the obligation of the vendee for the purchase money. In pleading such a fraud the indorsers would be availing themselves neither of the vendee's right to rescind the contract nor of the latter's cause of action for damages. But the difficulty in this case is that the indorsement of the appellants on the note sued upon was made after their knowledge of the fraud practiced on the vendee and was given with such knowledge to secure a renewal of the original note for which the note in suit was substituted. Therefore, the appellants' relief, if any, must be had in an equitable action as suggested in *Gillespie* v. *Torrance* (25 N. Y. 306).

GRAY, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur with CHASE, J., and CULLEN, Ch. J., concurs in memorandum.

Judgment affirmed.