Charles A. Loreto, J.
In this action upon a promissory note, the defendant Helen Dilman, the maker thereof, moves for leave . to serve an amended answer so as to assert the defense of lack of consideration. The plaintiff corporation cross-moves for summary judgment and for a severance of the action as to the remaining defendant and also, as alternative relief, for an order vacating the defendant’s notice of examination before trial of a witness.
In substance, the proposed defense alleges that defendant executed and delivered her promissory note in the sum of $6,621.68 in substitution of an obligation of Tucker Dilman Enterprises, Inc., for a balance in the same amount then due to the corporate plaintiff. It is alleged that defendant was the president and a stockholder of the corporation and that she was induced to make and deliver the note because of representations and warranties made by plaintiff corporation to her that it would properly, efficiently and promptly perform the installation of fixtures and equipment previously sold by plaintiff to Tucker Dilman Enterprises, Inc., under two conditional sales agreements. It is further alleged that plaintiff did not perform the required installations in a “ good, efficient, workmanlike manner that the air conditioning and other refrigeration equipment performed “inefficiently”; and that plaintiff failed to complete the work “ in time ”, time being of the essence.
The foregoing matter, including the statement of an allegation of damage resulting therefrom, had been set up by this defendant as a counterclaim in a prior pleading and the said counterclaim was dismissed by Mr. Justice Gold in an opinion stating: “ although this defendant may be the sole stockholder of a corporation which has a cause of action against the plaintiff, the corporation is -a distinct entity. It is not a party to this action and hence must bring its own action.”
It now appears that omitting the claim of damages which the defendant had heretofore alleged as basis for a counterclaim, she now seeks to set forth the same matter as a separate defense, stating that it represents a showing of lack of consideration which would be sufficient to defeat the recovery by the plaintiff.
On all the affidavits submitted on this motion and the cross motion, it appears that the defendant Helen Dilman has n© *564 defense to the action on the promissory note. It appears that the last two agreements executed by the plaintiff were in substitution of two prior agreements made by it with Tucker Dilman Enterprises, Inc., whereby the total price for the work to be performed was reduced and that the promissory note given by the defendant Helen Dilman for the reduced balance due to the plaintiff was the consideration therefor. Any defense or counterclaim for nonperformance under the agreements belongs to Tucker Dilman Enterprises. (Elliott v. Brady, 192 N. Y. 221, 226.)
Even if credence were given to the affidavits of the defendant, the defense of want of consideration is insufficient in law. Although the promises of the corporate plaintiff ran to the Tucker Dilman Enterprises, Inc., rather than to the defendant, the benefit flowing to Tucker Dilman Enterprises constituted a sufficient consideration for the promises (Mencher v. Weiss, 306 N. Y. 1, 8).
As there is no merit in fact to the proposed answer, the court should not permit an amendment of the pleading to permit it to be pleaded. Therefore, the motion to amend the answer to plead a separate defense is denied and the cross motion for summary judgment as prayed for, including severance of the action, is granted.